■ In the Matter of the Arbitration between AETNA CASUALTY & SURETY COMPANY, Respondent, and HOPE BECK, Appellant. [615 NYS2d 297] —Appeal from an order of the Supreme Court (Conway, J.), entered March 11, 1993 in Albany County, which granted petitioner's application pursuant to CPLR 7503 to stay arbitration between the parties.

Supreme Court granted petitioner's application for a stay of arbitration, holding that respondent was contractually barred under her insurance policy with petitioner from recovering underinsured motorist coverage. The court also ruled that the issues of whether petitioner was correct in declining coverage and paying damages based on respondent's failure to inform petitioner and obtain the latter's consent prior to any settlement were not a basis for arbitration under the insurance policy. We find no merit to respondent's contention that any dispute over the amount of damages was arbitrable and, accordingly, affirm the court's order. Respondent's remaining arguments have been reviewed and rejected as unpersuasive.

Cardona, P. J., Crew III, Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.

■ In the Matter of WILLIAM R. FOLTIN, Petitioner, v EDWARD V. REGAN, as New York State Comptroller and Administrative Head of the New York State and Local Employees' Retirement System, et al., Respondents. [615 NYS2d 295] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Comptroller which denied petitioner's application for service retirement.

To be eligible for the retirement incentive program (L 1990, ch 935), an employee must have been in active service on December 19, 1990. As petitioner failed to meet the statutory definition of active service, respondent Comptroller properly denied petitioner's application for service retirement. Furthermore, petitioner's retroactive reinstatement to the payroll under the circumstances presented in the record did not bring him within the statutory definition of active service. On December 19, 1990, petitioner was on leave without pay and he concededly performed no work.

Mikoll, J. P., Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.